UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
::
JOYSEL JIMENEZ,:
:
Plaintiff,:
: **NOTICE OF REMOVAL**
v.:
: Case No.
FQSR LLC D/B/A KBP FOODS; AND MICHAEL:
KULP CEO,:
:
Defendants.:
:
-------------------------------------------------------------- X

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332 (a) (1), Defendants FQSR LLC D/B/A KBP Foods ("FQSR LLC") and Michael Kulp (collectively, "Defendants"), by their counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, Bronx County, to this Court. The grounds for removal are as follows:

**I.      Proceedings to Date.**

1.      On June 15, 2023, Plaintiff Joysel Jimenez ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, Bronx County, captioned Joysel Jimenez, Plaintiff against FQSR LLC D/B/A KBP Foods; and Michael Kulp CEO, Index No. 809314/2023E.

2.      According to the affidavit of service filed by Plaintiff, service was effectuated upon the New York Secretary of State on June 21, 2023. Thereafter, on July 10, 2023, the New York Secretary of State notified FQSR LLC's registered agent via Certified Mail of Plaintiff's service of the Summons and Complaint.

3. This Notice of Removal is timely filed within 30 days of service of the Summons and Complaint on Defendants and therefore is timely pursuant to 28 U.S.C. § 1446 (b) (1). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

4. Pursuant to 28 U.S.C. § 1446 (a), a copy of the Summons and Complaint, which is all the process, pleadings, and orders that have been served on Defendants to date, is attached hereto as Exhibit A.

**II.    Grounds for Removal - Diversity of Citizenship.**

5. The United States District Court for the Southern District of New York has subject matter jurisdiction under 28 U.S.C. § 1332 (a) (1) because this is a civil action in which there is complete diversity between Plaintiff and Defendants and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Here, the parties are completely diverse. According to the Summons and Complaint, which state that Plaintiff is a resident of Bronx, New York, and on information and belief, Plaintiff is a citizen of the State of New York.

7. Defendant FQSR, LLC is organized under the laws of the state of Delaware, having its principal place of business in the state of Kansas.

8. Accordingly, FQSR, LLC is a citizen of Delaware and Kansas. See 28 U.S.C. § 1332 (c) (1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Indeed, in Plaintiff's Summons, he identifies Kansas addresses for FQSR LLC.

9. Defendant Michael Kulp is a citizen of the state of Kansas.

10. Accordingly, diversity of citizenship existed among the parties when the New York Secretary of State was served on June 21, 2023. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11. The matter in controversy exceeds $75,000 because the Plaintiff seeks compensatory damages, lost wages, non-economic damages, punitive damages, emotional distress damages, liquidated damages, reasonable attorneys' fees, expenses, and costs, and pre-judgment and post-judgment interest pursuant to the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), New York Labor Law ("NYLL"), and New York common law.

12. The matter in controversy exceeds $75,000[1] for the following reasons:

    a. The Plaintiff is seeking compensatory damages pursuant to the NYSHRL, NYCHRL, and NYLL. For the purposes of a removal motion, back pay is calculated "from the date of the termination through the date the defendant files the notice of removal." *Jones v. Charter Commc'ns LLC*, No. 18-5953 (NG) (LB), 2019 WL 1760841, at *3 (E.D.N.Y. Apr. 22, 2019). Plaintiff's minimum back pay from the date of his termination, on or about January 24, 2023, through July 21, 2023, is estimated to be at least $30,000, based on Plaintiff's allegation that his salary was $60,000 a year. *See* Exhibit "A," Compl., ¶ 19. Plaintiff may also be entitled to significant front pay. *See Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1189 (2d Cir. 1992) (ruling that jury front pay award based a work life estimate of seventeen years did not shock the conscious).

---

[1] Defendants dispute the allegations of the complaint and include the damage figures herein based upon Plaintiff's allegations without admission and without regard to whether Plaintiff can prove his allegations (which Defendants dispute).

b. Plaintiff has asserted a claim under New York Labor Law § 215, which provides liquidated damages (up to $20,000), front pay in lieu of rehire or reinstatement, lost compensation, and damages, costs, and reasonable attorneys' fees. NYLL § 215 (2)(a).

c. The Plaintiff is seeking emotional distress damages for slander per se, and, presumably, under the NYSHRL and NYCHRL. A plaintiff does not need to plead special damages to allege that a defamatory statement falls into the slander per se exception. Accordingly, if Plaintiff is able to establish his claim, damages could be significant. *See Yammine v. Devita*, 43 A.D.3d 520 (3rd Dep't Aug. 2, 2007) (jury award of $200,00 for each plaintiff upheld). Further, in "the Second Circuit, 'garden variety' emotional distress claims generally merit $30,000 to $125,000 awards." *Makinen v. City of New York*, 167 F. Supp. 3d 472, 496-97 (S.D.N.Y. Feb. 29, 2016) (collecting cases), *aff'd in part, rev'd in part*, 722 F. App'x 50 (2d Cir. 2018) . Plaintiff alleges he has suffered harm because of Defendants' unlawful discriminatory conduct. *See* Ex. "A," Compl., ¶¶ 54, 58. Accordingly, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek emotional distress damages of at least $125,000, which alone, would exceed the $75,000 amount in controversy threshold.

d. Plaintiff is seeking punitive damages, which are to be included when considering the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *see also A.F.A. Tours, Inc. v. Whitchurch*,

937 F.2d 82, 87 (2d Cir. 1991) ("if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied"). The NYSHRL and NYCHRL provide for uncapped punitive damages. *See* N.Y. Exec. Law § 297 (9); N.Y.C. Admin. Code § 8-502 (a).

e. The Plaintiff is seeking attorney's fees available under the NYSHRL, NYCHRL, NYLL, and New York common law. Attorney's fees may be considered when determining whether the amount in controversy requirement has been established. *Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 55 (2d Cir. 2018) (attorney's fees only calculate into the jurisdictional amount in controversy if they are "recoverable as a matter of right."). Here, Plaintiff's counsel's attorneys' fees are estimated to be at least $15,000.[2]

13. In sum, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's total alleged back pay, front pay, emotional distress damages, punitive damages, liquidated damages, and potential attorney's fee award.

14. Consequently, for the reasons stated, this action is removable to federal court pursuant to 28 U.S.C. § 1441.

**III. Venue.**

15. This action is currently pending in the Supreme Court of the State of New York, Bronx County, which is within this judicial district. 28 U.S.C. § 112 (b). This Court is accordingly the proper venue for removal.

---

[2] Estimate of attorneys' fees based on hourly rate of $300 for 50 hours of work litigating this case.

**IV.     Notice.**

16.     Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Supreme Court of the State of New York, Bronx County, and is being served upon Plaintiff's counsel of record.

**V.     Conclusion.**

17.     For the foregoing reasons, Defendants hereby remove this action from State Court to this Court.

18.     By filing this Notice of Removal, Defendants do not waive any defects in service of process, venue, or personal jurisdiction, nor do they waive any other defenses available to them.

Dated: July 21, 2023

> Respectfully submitted,
>
> By: */s/ Amanda M. Blair*
> Amanda M. Blair
>
> **FISHER & PHILLIPS LLP**
> 7 Times Square, Suite 4300
> New York, NY 10036
> Phone: (212) 899-9989
> E-Mail: ablair@fisherphillips.com
>
> *Attorneys for Defendants*