SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
-----------------------------------------------------------------X
JOYSEL JIMENEZ.

                                   Plaintiff

               -against-                          **SUMMONS**

FQSR LLC D/B/A KBP FOODS; AND MICHAEL KULP
CEO
                                 Defendants
-----------------------------------------------------------------X

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Venue: Plaintiff designates Bronx County as the place of trial as Plaintiff resides there at the commencement of this action.

Dated June 15, 2023
White Plains, New York

                                         El-Hag & Associates, P.C.

                                      By: _____
                                            Dylan Wiley, Esq.
                            777 Westchester Ave., Suite 101
                                White Plains, N.Y 10604
                                    (914) 218-6190 (c)
                                    (914) 206-4176 (f)
                                d.wiley@Elhaglaw.com

FQSR LLC DBA KBP FOODS
10950 GRANDVIEW DRIVE, SUITE 300
OVERLAND PARK, KS 66210.

MICHAEL KULP
10950 GRANDVIEW DRIVE, SUITE 300
OVERLAND PARK, KS 66210.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
JOYSEL JIMENEZ,

                                                  Plaintiff

           -against-                               **COMPLAINT**


FQSR LLC D/B/A KBP FOODS; AND MICHAEL KULP
CEO
                                      Defendants
----------------------------------------------------------------X


## JURISDICTION AND VENUE

1. Jurisdictional statute: §296 of the New York State Human Rights Law, the New York City Human Rights Law, §215 of the New York Labor Law and the New York Common Law.

2. Basis for venue: Plaintiff designates Bronx County as the place of trial as Plaintiff resides there at the commencement of this action.


## THE PARTIES

3. Plaintiff Joysel Jimenez ("Mr. Jimenez") resides at 1133 Ogden Ave. Bronx, NY 10452.

4. Defendant FQSR LLC is an LLC formed in Delaware doing business as (d/b/a) KBP FOODS. FQSR LLC owns and operates Kentucky Fried Chicken Locations throughout New York and New Jersey under the KBP FOODS brand name, of which Plaintiff Jimenez was an employee.

5. On information and belief, Defendant MICHAEL KULP is the CEO of KBP FOODS and operates the business at 10950 Grandview Drive, Suite 300, Overland Park, KS 66210 in the State of Kansas.

6. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, FQSR LLC d/b/a KBP BRANDS performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

Case 1:23-cv-06349-DLC    Document 1-1    Filed 07/21/23    Page 3 of 9

7. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, MICHAEL KULP performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

## II.   BACKGROUND FACTS.

**PLAINTIFF JIMENEZ**

8. The Defendants employed Plaintiff Jimenez as a W2 non-exempt wage earner.

9. Plaintiff Jimenez started his employment at a Kentucky Fried  ("KFC") owned and operated by FQSR LLC d/b/a KBP Brands  located at 516 Broadway, Bayonne NJ, 07002.

10. Plaintiff Jimenez worked for another KFC owned and operated by FQSR LLC d/b/a KBP Brands located at 1731 Webster Ave. Bronx, NY, 10457.

11. The Defendants hired Plaintiff Jimenez on or around October 2, 2022.

12. Plaintiff Jimenez stopped working for the Defendants on or around November 22, 2022.

13. Defendants employed Plaintiff Jimenez as a manager.

14. Plaintiff Jimenez's job duties included performing various duties such as managing certain KFC restaurants that were owned and operated by FQSR LLC.

15. Plaintiff Jimenez worked for the Defendants in the 2022 calendar year.

16. Plaintiff Jimenez worked for the Defendants in the 2023 calendar year.

17. Plaintiff Jimenez, worked approximately 10 weeks total for Defendants.

18. Plaintiff's general work schedule was rotative.

19. Defendants paid Plaintiff Jimenez a Salary of $60,000 per year.

20. Defendants paid Plaintiff Jimenez on a weekly basis.

21. Plaintiff Jimenez started his job with FQSR LLC at the Defendants KFC New Jersey branches mentioned above.

22. Plaintiff Jimenez was immediately discriminated agaisnt  based on his sexual orientation by Vivi Ali, the branch manager, after revealing he was gay.

23. When Plaintiff Jimenez revealed to Vivi Ali he was gay, her attitude and actions immediately changed towards Plaintiff, and she began to tease Plaintiff by making certain

effeminate body gestures, and attemdoted to ostercize Plaintiff Jimenez from the rest of his coworkers.

24. The branch manager and the rest of his coworkers no longer wanted to talk or be around Plaintiff Jimenez.

25. The branch manager and co-workers started wearing a mask only when addressing Plaintiff Jimenez.

26. Plaintiff Jimenez was charged for lunch during his training period, where all other employees received their lunch for free.

27. Plaintiff Jimenez was summoned to a videoconference in January 2023 where he was subjected to defamatory statements by the branch and general manager.

28. Plaintiff Jimenez was accused of using narcotic substances without any evidence.

29. Plaintiff Jimenez was relocated by the general manager, Nadine Sterling because the branch manager refused to work with Plaintiff Jimenez.

30. Plaintiff Jimenez was relocated to another KFC branch in the Bronx, New York, mentioned above, that was owned and operated by FQSR LLC d/b/a KBP BRANDS.

31. Plaintiff Jimenez complained to the KBP Brands Human Resources about the discriminatory events that had taken place up until then.

32. Plaintiff Jimenez warned KBP Human Resourcesof a possible retaliatory firing attempt by the general manager based on his sexual orientation.

33. Plaintiff Jimenez started his training at the KFC branch in the Bronx on or about January 11, 2023.

34. Plaintiff Jimenez, on his first day of training at the KFC branch in the Bronx, received news that his father had passed away.

35. Plaintiff Jimenez did not request to leave work.

36. Plaintiff Jimenez was told by the new trainer, Lisa, to go home for the day.

37. The new trainer on a separate occasion stated to Plaintiff Jimenez to close the store and to leave 30 minutes before the regular closing time because the job was done.

38. The general manager, however, wrongfully terminated Mr. Jimenez's employment with FQSR LLC dba KBP FOODS on or about January 24, 2023.

39. Plaintiff Jimenez was terminated, according to the general manager, because there were two days Plaintiff had left the store early despite the general manager being aware that Lisa, Plaintiff's trainer allowed him to go home early on both occasions.

40. The principal manager also conveyed that things were not working out with Plaintiff's position for no reason whatsoever.

41. Plaintiff Jimenez complained again to KBP Human Resources about the wrongful termination but never received a response.

42. Defendants unlawfully retaliated against Plaintiff Espinoza because Plaintiff engaged in protected activity.

43. On or about January 2023 Plaintiff Jimenez engaged in protected workplace activity when Plaintiff Jimenez complained about discriminatory practices due to Plaintiff's sexual orientation.

44. Defendants retaliated against Plaintiff Jimenez when Defendants relocated and subsequently terminated Plaintiff's employment relationship due to his sexual orientation after Plaintiff made the verbal complaint.

45. Defendants never took any type of corrective action with respect to the situations experienced by Plaintiff Jimenez.

46. Plaintiff Jimenez was able to perform the essential functions of his job while employed by Defendants.

47. Plaintiff Jimenez was rarely, if ever, disciplined while employed by Defendants.

48. Plaintiff Jimenez was discriminated against based on his sexual orientation by Defendants since he started working for Defendants.

49. Defendants stated an action in slander when they claimed that Plaintiff Jimenez was using narcotic substances without any proof whatsoever.

50. The statements made by the Defendants charge plaintiff with a serious crime and harmed Plaintiff in his profession by making him look like a drug addict.

**FIRST CAUSE OF ACTION**
(Sexual Orientation Discrimination)
(The New York State Human Rights Law§296 et. seq.)

51. Every fact alleged herein is repeated, re-alleged and incorporated as though fully set forth herein.

52. As set forth herein, the Defendants took an adverse employment action against Plaintiff **based on the protected characteristic** of sexual orientation.

53. Under the New York Human Rights Law, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of sexual orientation.

54. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## SECOND CAUSE OF ACTION
### (Sexual Orientation Discrimination)
### (The New York City Human Rights Law §8-107)

55. Every fact alleged herein is repeated, re-alleged and incorporated as though fully set forth herein.

56. As set forth herein, the Defendants took an adverse employment action against Plaintiff **based on the protected characteristic** of sexual orientation

57. Under the New York City Rights Law, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of sexual orientation.

58. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## THIRD CAUSE OF ACTION
### (Retaliation)
### (The New York State Human Rights Law §296 et. seq)

59. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

60. The anti-retaliation protections of the NYSHRL and its supporting regulations apply to the Defendants and protected the Plaintiff.

61. Under the NYSHRL, an employer is prohibited from retaliating agaisnt an employee for engaging in protected activity.

62. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff after he complained about certain sex based discrimination he was experiencing at his job.

63. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated NYSHRL and the supporting regulations.

64. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants.

Case 1:23-cv-06349-DLC   Document 1-1   Filed 07/21/23   Page 7 of 9

## FOURTH CAUSE OF ACTION
### (Retaliation)
### (The New York City Human Rights Law §8-107)

65. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

66. The anti-retaliation protections of the NYCHRL and its supporting regulations apply to the Defendants and protected the Plaintiff.

67. Under the NYCHRL, an employer is prohibited from retaliating agaisnt an employee for engaging in protected activity.

68. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff after he complained about certain sex based discrimination he was experiencing at his job.

69. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated NYCHRL and the supporting regulations.

70. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants.


## FIFTH CAUSE OF ACTION
### (Retaliation)
### (NYLL §215)

71. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

72. At all times NYLL §215 applied to the Defendants and protected the Plaintiff.

73. Under NYLL §215, it is unlawful for an employer to retaliate against and employee for engaging in protected activity.

74. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff after he complained about certain sex based discrimination he was experiencing at his job.

75. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated §215 of the NYLL.

76. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants.

## SIXTH CAUSE OF ACTION
### (Slander Per Se)
### (The New York Common Law)

77. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

78. The New York Common Law applies to Defendants and protect the Plaintiff.

79. Under the New York Common Law, it is unlawful for an employer made defamatory statements which has been caused special harm, or that it constituted slander per se against employees such as Plaintiff.

80. Defendants subjected Plaintiff to slander per se when they made defamatory statements against Plaintiff.

81. Accordingly, the Defendants are liable for economic and non-economic damages, lost wages, front pay, emotional distress, punitive damages, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks all available remedies available under all causes of action listed herein this Complaint, and any and all of remedies that the Court deems just and proper.

Dated: Plains, New York
June 15, 2023

El-Hag & Associates, P.C.

Dylan Wiley, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
d.wiley@elhaglaw.com
www.elhaglaw.com

**FILED: BRONX COUNTY CLERK 06/28/2023 09:59 AM**
NYSCEF DOC. NO. 2 Case 1:23-cv-06349-DLC    Document 1-1    Filed 07/21/23    Page 9 of 9

INDEX NO. 809314/2023E
RECEIVED NYSCEF: 06/28/2023

## IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX

| | |
|---|---|
| **JOYSEL JIMENEZ** | Hearing Date: |
| Plaintiff/Petitioner | INDEX NO:    **809314/2023E** |
| vs. | Index Date:    **06/15/2023** |
| **FQSR LLC D/B/A KBP FOODS; MICHAEL KULP CEO** | AFFIDAVIT OF SERVICE OF: |
| Defendant/Respondent | SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING |

Received by **John Habermehl**, on the **21st day of June, 2023 at 11:39 AM** to be served upon **FQSR LLC D/B/A KBP FOODS c/o NEW YORK SECRETARY OF STATE, REGISTERED AGENT at 1 Commerce Plaza, 99 Washington Avenue, Albany, Albany County, NY 12210.**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **21st day of June, 2023 at 11:39 AM** at the address of **1 Commerce Plaza, 99 Washington Avenue, Albany, Albany County, NY 12210,**  this affiant served the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING** upon **FQSR LLC D/B/A KBP FOODS c/o NEW YORK SECRETARY OF STATE, REGISTERED AGENT** in the manner described below:

**CORPORATE SERVICE,** by personally delivering **1** true and correct copy(ies) of the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING**, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**NEW YORK SECRETARY OF STATE, REGISTERED AGENT, I delivered the documents to NEW YORK SECRETARY OF STATE, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired white male contact 55-65 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with glasses.  Nancy Dougherty**

Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.

Executed on _____6\2_____, 20_23_.

_____
**John Habermehl, NY**

ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/24
147 Prince St, Suite 4-6, Brooklyn, NY 11201

STATE OF NEW YORK COUNTY OF _Columbia_
SWORN TO AND SUBSCRIBED BEFORE ME THIS _21_ OF _June_ 20_23_ BY _John A Habermehl_ (AFFIANT NAME)

_____
SIGNATURE OF NOTARY PUBLIC

_Alexis K. Newton_____
PRINT, TYPE OR STAMP NOTARY'S COMMISSIONED NAME

PERSONALLY KNOWN_____ OR PRODUCED IDENTIFICATION_✓_
TYPE OF IDENTIFICATION PRODUCED___NYSDL_____

**ALEXIS K NEWTON**
Notary Public, State of New York
Qualified in Columbia County
No. 01NE6425767
Commission Expires November 29, 2025